Good morning, Your Honors. I'm Tara Hovland on behalf of Mr. Claude Dove, the appellant. I will try to be reserving three minutes for rebuttal. May it please the Court, this is a single-issue case. Whether Mr. Dove was denied his Sixth Amendment right to the effective assistance of counsel, based on counsel's misadvice regarding the state's burden of proof to prove up his historical prior convictions, which led Mr. Dove to reject an advantageous plea offer. The appellant is asking the Court today to reverse the district court's decision and to order that the habeas be granted. This is because Mr. Dove has already shown both the two prongs of Strickland in the district court and that the state court unreasonably applied Strickland in its decision. If the remedy ordered by Loffler, which is to have the prosecution re-offer the plea. If for any reason this Court believes that either prong of Strickland has not been sufficiently proven, then Mr. Dove suggests that the remedy should be an evidentiary hearing in district court under Miles. Why do we have to send it back under Strickland if we think that one of the prongs hasn't been satisfied? Send it back to district court or state court, your honor? Why would we send it back to district court for further findings if we thought that Strickland hadn't been satisfied? That means you don't have a Sixth Amendment violation. I believe we do and the magistrate found that there was an unreasonable application of Strickland in the state court not finding a prima facie case. As to prong one, right? That's right. As to prong two. Right. So you don't have a Strickland violation according to the magistrate. And I believe that the magistrate and the district court got that wrong by finding that there wasn't a reasonable probability that the defendant would have pled. I think to the extent that the record doesn't show that it needs to be developed. However, I think the record does show that. I think in this case it's obvious that he was misadvised regarding the burden of proof. The crux of the plea negotiations from the beginning was his priors. That came up at every hearing. It came up at the settlement conference. It came up at the trial, the first day of trial and it came up again at the priors trial where every time Mr. Dove would say I don't understand why you're offering me so much time the court, the defense attorney and the prosecutor would all say this is because you have priors. So obviously when his trial attorney was discussing the plea agreement with him he was saying the same thing. Look it's about the priors. And sure enough when you look at the bench trial on the priors this is what they're talking about. Is the defense attorney thought that there was no way they could prove more than one prior. And of course that's what he told Mr. Dove in the plea negotiations because that's what this case was all about. You know the problem I have with the argument and you can tell me why that's wrong. Yes. Did Mr. Dove know how many priors he had himself? Did he have independent knowledge himself of how many priors he had? I don't know and that's not on the record. The point is you say whether they could prove, he didn't plead because he was advised that the proof was beyond a reasonable doubt. But if he knew already himself how many priors he had, he had to know he was at risk, didn't he? I don't know if he knew that he had four priors which is what the court found. How would he not know? Whether he had the priors or not? On this record. Right. Well obviously he knew but that's not something that he said one way or the other. That's what I ask you and you answer that's not proof so he didn't know it. Right. He had to know how many priors he had. Yes. That's just step one. I'm not suggesting it goes further than that. But does that color your argument in any way? No because we don't know what he knew. We don't know if he knew he had four priors or whether he knew he had one prior. What we do know Pardon? Was he an idiot? Why wouldn't he know? No he would know but it's not on the record. What difference does that make? Like for example, the case that counsel was relying on, the State versus Penney case that had to do with the burden of proof on the prior convictions, it was very similar. They alleged that Mr. Penney had a prior out of Texas. And at the priors trial defense counsel argued look you can't prove it because there are no fingerprints showing that conviction is his. Even though there were fingerprints from the arrest report. The defendant at no point got up and said I committed that attempted murder in Texas or I didn't. That's not even part of the scenario. The only part of the scenario is whether the State can prove it. And in that case the court said the State can't prove it because the fingerprints in the name aren't enough. And that's exactly what the trial attorney was relying on. And this is a case that had been around forever since 1967. So he thought he was valid. Look the pen pack is not enough. I have a case from the Arizona Supreme Court that says that what you have is not enough to prove more than one prior. And that's what he told the defendant. That's what he told the court. It turned out he was wrong. That case was reversed three months before the settlement conference. The plea that he was offered would give him was it nine years? It was capped at 9.25. It was a range of 4.5 to 9.25. Okay. But he could have gotten up to nine years. My reading of the record suggests that what Dove was really concerned about was that everybody else was getting, he said, I just had a little bit of rock cocaine. I wasn't dealing in tons of this stuff. And I know all these guys who got two and three years. Why are you offering me nine years? And that suggests then that he wouldn't have accepted the plea bargain under these circumstances. I think that that cuts both ways, Your Honor. And this is why. In his mind, he's operating at this hearing that, okay, the state is offering me a cap of 9.25. But my trial attorney has already told me they can only prove one of these priors. Which means that if I go to trial, I'm facing 9.25 as the presumptive. So of course he's trying to make the plea better. And of course he thinks there's an injustice because he had $10 worth of drugs. So yeah, he doesn't think it's fair. And those things can coexist together. I don't think it's fair. I want a better deal. But I know that going to trial, why should I take this plea, which is the same thing that's going to happen if I go to trial? At least I have a chance then of getting acquitted. Didn't he say, though, that he thought they would offer him a better deal when he turned it down? Do you recall that? Is that a part of the record? Yes. He did say that. So he turned it down because, one, he knew how many priors he had. And he turned it down because he was bargaining for a better deal. He thought, I won't accept the 9 and they'll come back and offer me a better deal. Isn't that what this record? I don't think so, and this is why. Excuse me. Did he say, I thought they would offer me a better deal in addition to the things that Judge Bobby asked you? He also said that, didn't he? He said that on the first day of trial, when he was getting really scared and desperate that he was about to go to trial and lose. But at the settlement conference, they made it perfectly clear to him, the prosecutor said to him, this is not going to get any better. This is your last chance. You will not get another deal. And his offer was good through Monday. And the court looked at him and said, OK, you know you're not going to get a better deal. Are you going to take it today? And he said, today, no. So he was still thinking about it. He just wasn't ready to take it that day in court. And sure, on the first day of trial, he wanted to get a better deal. I mean, everybody does. Everybody wants to get less time. I don't think you can go back to the point where he rejected the plea based on what his trial attorney told him. Sometimes you find out when we write what we can do. So don't bet on what you think we can or cannot do. Argue it on the basis of this record. And that's what we're going to have to look at. And I think you've looked at it. There are two things that you want to tell us why we don't consider it. One of them is he didn't plea because he was bargaining for a better deal. Now, that's what the record shows in my view. And I'm asking you to tell me that it doesn't. And if I'm wrong. I think it shows both. And it comes down to this prime consideration argument. If this was a factor in his rejection of the plea, then that's enough. It doesn't matter whether it's the prime consideration. If he had in his pocket, look, my trial attorney thinks that they can only prove one prior. And that's his baseline. That's where he's starting from. It doesn't matter if there's other factors. Because this is one of the factors of why he rejected the plea. It's based on this wrong advice that his attorney told him. You put your finger right on it. My attorney thinks they can't prove the other prior. But he knew that he had the other prior. Didn't he? He knew either he had them or he didn't. I mean, you're assuming he knows he had them. Maybe he thought he didn't. I'm asking you to tell me what on this record shows that he didn't know he had the priors. They were his priors. So what? If they were his priors. You're thinking they weren't? Well, they might not be. As an officer of the court, you're suggesting that they're not his priors? I don't know. I won't question you further. I'm sorry. You're now over your time. I will allow you a minute for rebuttal. Thank you, Your Honor. Good morning. May it please the court. My name is Adriana Zick. I work for the Arizona Attorney General's Office and I represent Respondents Appellees in this matter. The state court's rejection of Dove's claim was not an unreasonable application of Strickland because Dove simply could not demonstrate prejudice. The record does not suggest that his rejection was based upon any alleged misadvice regarding the burden of proof on his prior convictions. What the record does suggest very clearly is that Dove was playing a game of chicken with the state. He had hopes that a better plea would be forthcoming and that was his reason for having rejected it. You don't dispute that his counsel and the court gave him bad advice? We don't know what advice he was given. We know that he was... In regards to the burden of proof, yes. We don't know if his counsel advised him that based upon the difference in the burden of proof that he could only prove one prior. So we certainly have one, the confusion about the burden of proof on the record. We don't dispute that at all. But we don't know what counsel advised him in regards to that misunderstanding. Well, we know what the record shows and the record shows what the district court said. Did you read it? I believe so. That there wasn't enough necessarily from this record to find deficient performance. There are certainly inferences that could be made. However, in regards to the prejudice prong, the record absolutely refutes the fact that there was a reasonable probability that he would have accepted the plea otherwise. The first question was, was he given bad advice? Maybe you are going to argue that he wasn't, but doesn't the record affirmatively show that he was? Again, we don't know what counsel advised him to behind closed doors. We don't have that on the record. We absolutely agree that counsel had a misimpression as to what the burden of proof was and the state court affirmed that during the settlement conference. It's pretty hard to argue with that when you have the judge sitting in front of you telling that the burden of proof is beyond a reasonable doubt and that's wrong. Certainly. I don't think that it's even necessary to go to the deficient performance prong because we have a very strong record on the prejudice prong. We have Dove making contemporaneous statements on the record telling the court affirmatively that I'm rejecting the plea offer for this reason because I feel like I'm being treated unfairly. There are defendants in similar situations having been arrested for similar offenses with similar prior criminal histories and they're being given probation. They're being given two years, three years. I'm being given nine and a quarter. This just isn't fair and I believe that I So I think it's demonstrated from his own statements which are far more compelling than the assertions he makes after the fact in the state court during his PCR proceedings. You also have Dove returning to the court on the morning of trial still laboring under this alleged misadvice and deciding that now I want to accept the plea. And he says, I thought a better one was coming and I realize that if I go to trial I'm facing more than nine years, more than the presumptive and I'd like to accept the plea at this point. And I also would like to point out that there's been a suggestion that there really wasn't much of an advantage in taking the plea offer even under the assumption that the state can only prove the one prior and I would suggest that's not true because while the presumptive range was identical, he could have faced super aggravated consecutive sentences which would have put him at far more risk and in regards to consecutive sentences that was highly likely given the fact that the class two felonies were committed on separate occasions. So it was clear that the state court could have stacked him and he was facing far more time. So clearly the offer, despite him feeling that it wasn't fair, gave him quite an advantage. And I'd just like to respond to a couple statements that were made. Whether or not Dove had independent knowledge of his priors, I think we do see that from the record. We have counsel telling him that the state can prove one. So there's the one. You only need two to get into the sentencing range that he ultimately was going to face. And then at trial you have him admitting to two prior felony convictions. And he certainly gives enough specific information about one that that could have been found on the record. So you have counsel's advice that they can prove one and then you have his own admission on the record to a second. So that alone would have put him in the two or more sentencing range. Is the court compelled to accept a plea agreement? No. There's no suggestion on this record that it A lawyer is always not obligated to tell the client that. But certainly there's the possibility that the state court could have rejected the plea offer for whatever reason. There's no suggestion on this record that the state would have, that the state court would have. But it certainly could have had the discretion to do so. What was the bottom end of the range that he could have been sentenced to? Under the two or more. Right. Under the two or more Was it four to nine? 9.25 was the upper limit. What was the On the plea range the 9.25 was the upper limit. On proving one or more prior felony conviction it was anywhere from four and a half all the way to 23. And then if the state could prove two or more that ranged anywhere from 10.5 to 35. And it's also important to note that at this point the class 6 felony was still in play. So there was a third offense that he could have been found guilty of. It could have added two or three years to top off that scale. So again I would suggest that the record is more than complete in regards to the prejudice prong and we would ask that this court affirm the district court's order denying relief. And if the court has no further questions. Okay. Thank you counsel. Solvent I'm going to give you a minute. Yes your honor. In regard to him the trial court explained to him that he'd be facing 15.75 which was the presumptive. So I think he had every reason to believe that if he went to trial and they only proved one prior he would also be getting the presumptive. There weren't any aggravating facts for him to think he would have been aggravated. But what this case comes down to is that it's very much like Miles in that Mr. Dove showed from the beginning through the end that he wanted to plead. He showed he wanted to plead. The record shows. Yeah but what he wanted was three years like he thought everybody else was getting. Sure he thought it was unfair. Right. And they kept telling him look it's because you're prior. That's hard then to see why he might not have decided to roll the dice here and therefore why the state court was wrong to have decided it the way that they did. I think that it's because the state court if his allegations are true you have the misadvice on the record and you have him saying look I would have taken the deal had I thought that there was a chance I was going to get more than one prior after trial. If those facts are true the court should have given him an evidentiary hearing to prove that to call his first trial attorney who could have said okay during plea negotiations this is what we talked about and this is why he declined it. So you don't have to just take his word for it. He deserves that chance. He didn't get it in state court. He deserves it now in federal court and Miles provides for that. Okay. Alright. Thank you. I think we understand your position. Thank you very much. We thank both counsel for a very effective argument.
judges: Farris, Noonan, Bybee